## B. K. BAIN v. THE STATE.

### No. 3514.  Decided May 5, 1915.

**Soliciting—Intoxicating Liquors—Allison Law—Insufficiency of the Evidence.**

Where, upon trial of unlawfully soliciting and taking orders for intoxicating liquors in violation of the so-called Allison Law, the evidence failed to show that the defendant solicited the prosecuting witness to give him such order, the same was insufficient to sustain the conviction.

Appeal from the District Court of Hale.  Tried below before the Hon. R. C. Joiner.

Appeal from a conviction of unlawfully soliciting an order for intoxicating liquors in local option territory; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Fred Pearce* and *A. J. Fires,* for appellant.—On question of insufficiency of the evidence:  Barnes v. State, 74 Texas Crim. Rep., 501, 170 S. W. Rep., 548.

*C. C. McDonald,* Assistant Attorney General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted under a count in the indictment charging him with unlawfully soliciting and taking orders for intoxicating liquors from Jim Rhae in Hale County.  It sets out the usual allegation that local option was in effect in the county.

There are quite a number of questions presented for review which will not be discussed for the reason we do not believe the State made out a case.

Recognizing the fact that the majority of the court have held that what is known as the Allison bill is constitutional, that question is not discussed.  The Allison bill was enacted for the purpose of preventing the shipment of intoxicating liquors, except for purposes stated in the Act, into local option territory.  It also punishes under section 6 of the Act parties who solicit or take orders for such shipment of intoxicating liquors.  In order to bring the party within the purview of this statute he must solicit or take orders for the purpose of shipment, transportation or carrying intoxicants into the local option territory.  That Act does not undertake to punish violations of the local option law in local option territory.  That is provided by other statutes.  So in order to secure a conviction under the provisions of the Allison bill it seems to be necessary that some of the provisions with regard to the illegal shipment, transportation, reception, etc., of intoxicating liquors in that territory be violated.  The facts in this case do not bring it within the rule of that statute.

Appellant is alleged to have solicited orders from Rhae.  Rhae's testimony for the State is, in substance, that he was in town and drinking and wanted some whisky, and asked appellant if he could not "rustle"

or get him whisky. Appellant finally told him he would try. One witness testifies that he saw the parties drinking something he supposed to be whisky, but Rhae testified he got no whisky and appellant secured none for him. If appellant had obtained whisky for Rhae as his agent, he would not be guilty of violating the local option law under the rule of agency. If he himself had furnished the whisky to Rhae, as a sale, he would have violated the local option law, but the evidence does not show that he solicited Rhae to give him an order, but that all the solicitation, whatever it may have been, was from Rhae to appellant and not from appellant to Rhae. It did not involve the idea of shipment of whisky from one point to another. It only involved the question of securing the whisky then and there. It was to be an immediate transaction. There was no order given and none asked. Under those circumstances we are of the opinion the law of soliciting or taking orders under the Allison Act has not been violated.

Without going further into this question we hold that the State has failed to make a case, therefore the judgment is reversed and the cause remanded.

*Reversed and remanded.*